## Gehris v. Pocmont Hotels Corporation

*Maxwell H. Cohen*, for plaintiff.

*Edwin Krawitz* and *Robert E. Sigal*, for defendant.

DAVIS, P. J., December 21, 1967.—This case, an action in assumpsit brought by Darrel Gehris, trading as General Flooring Company, against Pocmont Hotels Corporation, was before us on one previous occasion. Defendant had filed preliminary objections, on April 2, 1964, to the complaint on the ground that this

court lacked jurisdiction because plaintiff allegedly had failed to comply with the requirements for venue. To resolve this issue, plaintiff filed written interrogatories. Defendant answered some, but not all, of them. Plaintiff moved for a sanction order, pursuant to Pennsylvania Rule of Civil Procedure 4019(a), declaring that jurisdiction had been established. In our order of October 28, 1966, we dismissed the motion for sanctions, but directed defendant to answer certain questions contained in the interrogatories. That answer has been filed, and the case is now before us for consideration of the preliminary objections.

From the record and the answers to the interrogatories, we find the following facts: (1) The action was commenced by filing the complaint on February 17, 1964; (2) the sheriff of Pike County, deputized by the sheriff of Monroe County, served a true and attested copy of the complaint endorsed with a rule to plead within 20 days, upon Larry Greene, bell captain and acting manager at "Pocmont Hotel", Bushkill, Pike County, Pa., on February 24, 1964; (3) plaintiff is an individual engaged in the floor-covering business, with his office at 914 North Ninth Street, Stroudsburg, Monroe County, Pa.; (4) defendant, Pocmont Hotels Corporation, was incorporated in 1947 under the law of the State of Delaware, and in 1964 maintained a registered office with the United States Corporation Company, 129 South State Street, Dover, Del.; (5) the corporate purpose of defendant is to operate a resort hotel; (6) from 1947 to March 8, 1966, defendant operated a resort hotel known as "Pocmont Lodge", located at Bushkill, Pike County, Pa.; (7) in 1964, defendant solicited business in Monroe County by means of a billboard or road sign; (8) from 1960 to 1965, defendant has hired employes through the office of the Pennsylvania Department of Labor and Industry, situated in Stroudsburg, Monroe County; (9)

from 1960 to 1965, defendant maintained three telephone listings under the name "Pocmont Lodge": Pocono Mountains Directory, Philadelphia Directory and New York Directory; (10) advertisement of "Pocmont Lodge" has been listed in the Pocono Mountains and the Philadelphia telephone directories; (11) the sole property of defendant located in Monroe County during 1960 to 1965 consisted of bank accounts, used in connection with defendant's business; (12) the cause of action arose when plaintiff, responding to the oral request of defendant, furnished certain materials and performed certain work in and about Pocmont Lodge, Bushkill, Pa., in 1960.

Disposition of the objections is ruled by Pa. R. C. P. 2179 (a), relating to venue, which provides:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose";

and by subsection C of section 1011 of the Business Corporation Law of May 5, 1933, P. L. 364, as last amended by the Act of August 13, 1963, P. L. 703, 15 PS §2852-1011C, which provides:

"C. For the purposes of determining *jurisdictions of courts within this Commonwealth*, the *entry* of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiat-

ing a series of such acts, shall constitute 'doing business' ". (Italics supplied.)

It is not contended that the cause of action arose in Monroe County, or that any transaction or occurrence from which the cause of action arose, took place there; the narrow issue presented is whether defendant was "doing business" in Monroe County. This will turn upon the presence of two required elements: (1) The quality of the acts, alleged to constitute "doing business", must indicate that they are *directly essential* to the corporate purpose, as distinguished from merely *incidental* thereto (Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240, 246, 247, 135 Atl. 755, 757 (1927) ), and (2) there must have been an "entry" by defendant corporation into Monroe County, through the personal presence there of at least one of its officers, agents or employes engaged in performing such acts: Botwinick v. Credit Exchange, Inc., 419 Pa. 65, 68, 213 A. 2d 349, 352 (1965) ; Swavely v. Vandegrift, 397 Pa. 281, 154 A. 2d 779 (1959), affirming 19 D. & C. 2d 153 (1958) ; Cecere v. Ohringer Home Furniture Company, 208 Pa. Superior Ct. 138, 144, 220 A. 2d 350, 354 (1966) ; Rachelson v. E. I. duPont deNemours & Co., 257 F. Supp. 257, 260 (E. D. Pa., 1966).

While the list of essentials for "doing business", set forth in Shambe, supra, has been modified in some respects by subsequent legislation (see Rufo v. The Bastian-Blessing Company, 405 Pa. 12, 21, 173 A. 2d 123, 128 (1961) ), the validity of the distinction there made between acts directly essential, and those merely incidental, to the corporate purpose has been recognized by our Supreme Court, in Monaco v. Montgomery Cab Company, 417 Pa. 135, 142, 143, 208 A. 2d 252 (1965), and again so recently as 1967: Canter v. American Honda Motor Corporation, 426 Pa. 38, 43, 231 A. 2d 140. There, plaintiff brought an action of

trespass in Philadelphia County to recover for injuries sustained in an accident which occurred in Montgomery County while driving a motorcycle manufactured by defendant and sold to one Mal Schlechter by Motor Sport, Inc. Defendant sought to join Motor Sport as additional defendant, and Motor Sport filed preliminary objections, setting forth that it was a Delaware corporation having its principal place of business in Delaware County, and that it had never conducted business in Philadelphia County. Depositions were taken which showed that the nature of the additional defendant's business was the sale and servicing of new and used automobiles, which included the sale and servicing of motorcycles in 1964; and that, on some occasions, demonstrations of cars were made in Philadelphia and agreements of sale were signed there. The lower court sustained the objections, but the Supreme Court reversed with a procedendo and Mr. Justice O'Brien said:

"In the instant case, we are satisfied that under our holding in Monaco the additional defendant's business activities as described, were of sufficient quality, quantity and regularity as to constitute regularly conducting business. The acts of driving into Philadelphia to demonstrate cars and to consummate sales were acts *directly essential to and in furtherance of corporate objects*. These acts certainly meet the test of quality, as outlined in Monaco". (Italics supplied.)

In the application of this distinction, it will be observed that the conduct of any kind of business involves two types of transaction, both of which are essential to the continued life of the business: transactions with those members of the public to whom the corporation renders its service or furnishes its product, and from whom it derives its corporate income; and transactions with other members of the public

who supply to the corporation the resources which enable it to serve the first group. The first type is designated as "directly essential"; the second, as "indirectly essential". In the instant case, we are of the opinion that the acts of defendant (a) in obtaining employes through the services of the Pennsylvania Department of Labor and Industry, located in Stroudsburg, and (b) in maintaining bank accounts within Monroe County, were only incidentally essential to the corporate function of operating a resort hotel in Pike County, and did not constitute "doing business" in Monroe County.

The remaining factor is that, in 1964, defendant maintained a roadside billboard, advertising Pocmont Lodge, in Monroe County. This impersonal means of solicitation, accomplished without the physical presence of any officer or agent of defendant in Monroe County did not constitute a corporate "entry" into that jurisdiction. For the purposes of jurisdiction and venue, it is legally comparable to solicitation effected by the placing of advertisements in newspapers, magazines and trade journals of circulation. See Frisch v. Alexson Equipment Corporation, 423 Pa. 247, 252, 224 A. 2d 183, 186 (1966); Smeltzer v. Deere and Company, 252 F. Supp. 552, 554 (W. D. Pa., 1966); Rachelson v. E. I. duPont deNemours Co., supra (1966).

ORDER

And now, December 21, 1967, the preliminary objections of defendant are sustained and the complaint is dismissed.

ORDER

DAVIS, P. J., December 27, 1967.—

And now, December 27, 1967, that portion of the order of December 21, 1967, which dismisses the complaint is vacated. In lieu thereof, the proceedings in this action are certified to the Court of Common Pleas of Pike County, Pa.