## Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc., Appellant.

292

Argued November 14, 1968.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward W. Mullinix,* with him *William T. Hangley, Victor J. Roberts, Jacob P. Hart,* and *Schnader, Harrison, Segal & Lewis,* and *High, Swartz, Roberts & Seidel,* for appellant.

*Arthur W. Leibold, Jr.,* with him *William P. Manning, Jr.,* and *Dechert, Price & Rhoads,* and *Wright, Spencer, Manning & Sagendorph,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 15, 1969:

This case as it is now before us presents only a question involving the interpretation of Pa. R. C. P. 2179, the corporate venue rule. Appellant, a Harrisburg (Dauphin County) corporation, entered into a contract under which it agreed to purchase its requirements of certain gases from appellee, a Norristown (Montgomery County) corporation. Appellee, alleging that appellant breached the contract by buying from others, brought this action in Montgomery County. On preliminary objection, appellant claimed that venue was improper in Montgomery County. The trial court overruled the preliminary objection and appellant took this appeal.

First we must deal with the question of whether the appeal should be quashed as untimely filed. The Act of March 5, 1925, P. L. 23, 12 P.S. §674, requires an appeal to be "taken and perfected within fifteen days from the date when the decision is rendered." Here the order appealed from was dated January 30, 1968, but was not docketed until January 31, 1968. This appeal was filed on February 15, 1968, fifteen days from the date when the decision below was docketed. Although as appellant points out, different considerations might apply to a decision announced in open court in the presence of the parties, where, as here, the decision is announced by written order, the date upon which the order is docketed should be the starting date for the fifteen day period established in §3.

Furthermore, it appears that appellant attempted to file the writ of certiorari issued by the Superior Court (to which the appeal was originally taken) on February 14, 1968. The writ bore the name of appellant's Philadelphia counsel on the backer, and the Montgomery County prothonotary refused to accept the

writ for filing unless counsel could prove his admission to practice before our Court. · As a result, the writ was not filed until the next day. Since the writ was a document issued by the Superior Court and executed by its prothonotary, it would seem that the presence of the signature of appellant's counsel was irrelevant. Under these circumstances the harassment which appellant's counsel underwent was bad enough; certainly it would be unconscionable to deny appellant its appeal as a result.[1]

Moving on to the venue question, this case is controlled by Pa. R. C. P. 2179, which provides in pertinent part that: "(a) Except as otherwise provided by an Act of Assembly . . ., a personal action against a corporation . . . may be brought in and only in . . .; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose." We believe that venue was proper under both subsections (2) and (4)[2] and affirm the decision of the court below.

First we believe that the record supports the finding of the court below that appellant regularly conducted business in Montgomery County. Appellant relies strongly on a provision in the contract that bars

----

[1] It is not inappropriate to note our disapproval of all techniques, procedures and efforts designed to impede the full implementation of Supreme Court Rule 14, which authorized members of the bar of this Court to practice in all courts of the Commonwealth. Although Rule 14 does require the presentation of a certificate of admission to practice before this Court, that procedure is hardly designed to cover a situation like this. Local officials should comply fully with the spirit as well as the letter of the rule.

[2] In light of this decision, we need not reach the question of whether venue is also proper under subsection (3).

it from *selling* to customers in Montgomery County. We do not feel that this necessarily means that it does not regularly conduct business in Montgomery County. Conducting business involves more than selling; certainly it cannot be denied that appellant was doing business when it purchased materials necessary to continue its distribution business. Appellant cites *Gehris v. Pocmont Hotels Corp.*, 43 Pa. D. & C. 2d 565 (1967), where the court distinguished between "directly essential" transactions, i.e., those involving the furnishing of goods and services to customers, and "indirectly essential" transactions, i.e., those involving the acquisition of resources which enable it to serve customers. We find that distinction to be artificial and not in keeping with the rationale of Rule 2179, which is "to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses and to assure that the county selected had a substantial relationship to the controversy between the parties and was thereby a proper forum to adjudicate the dispute." *County Construction Co. v. Livengood Construction Co.*, 393 Pa. 39, 44, 142 A. 2d 9, 13 (1958). Whether a corporation is selling to customers or buying from suppliers is irrelevant to whether the county is convenient for plaintiff and his witnesses or has a sufficiently substantial relationship to the controversy so that it is a proper forum for adjudication.

Having concluded that appellant was "conducting business" in Montgomery County, the question remains whether it was doing so "regularly" as required by Rule 2179(a)(2). Normally, merely entering into a contract with a Montgomery County firm would not suffice to constitute "regularly" conducting business. Cf. *Craig v. W. J. Thiele & Sons*, 395 Pa. 129, 149 A. 2d 35 (1959). This case however involves a contract whereby appellant was obligated to obtain all its requirements of a

key product from Montgomery County for a period of over ten years. This circumstance establishes that appellant was regularly doing business in Montgomery County.[3] Although both parties argue strenuously as to whether or not appellant was to pick up its goods in Norristown, or whether appellee was to ship them to Harrisburg, we find this irrelevant in light of the foregoing determination.

In our view venue also is proper under Rule 2179 (a)(4) because Montgomery County is "a county where a transaction or occurrence took place out of which the cause of action arose." In *Craig v. W. J. Thiele & Sons, supra,* this Court held that the language "transaction or occurrence . . . out of which the cause of action arose" does not make venue proper in a county where negotiations leading to the making of a contract took place. The Court indicated that had the contract been made in a given county, that county would be a place where a "transaction . . . out of which the cause of action arose" occurred, since the contract would serve as a sufficient "transaction," and it was the contract that gave rise to the cause of action, i.e., its breach. The Court rejected the theory that "occurrence" means part of a transaction.

In this case however, "occurrence" has independent meaning. Here part of appellant's action in breaching the contract took place in Norristown. Had ap-

---

[3] It should be noted that under a recently enacted amendment to §1011 of the Business Corporation Act, Act of May 5, 1933, P. L. 364, §1011, as amended, Act of July 20, 1968, P. L.    , §54, 15 P.S. §2011, "doing business" for jurisdictional purposes includes the doing within the Commonwealth of a "series of similar acts . . . or doing a single act . . . with the intention of thereby initiating a series of such acts . . .", if the purpose is "pecuniary benefit or otherwise accomplishing an object . . . ." While this statute is not controlling here, it evidences a liberalizing trend in an analogous area similar to the one Rule 2179 has created here.

pellant abided by the contract, it would have sent orders to appellee in Norristown for goods covered by the contract. This it failed to do, and this failure to deliver a requirements order constitutes an "occurrence . . . out of which the cause of action arose" which took place in Norristown. In light of the rationale of Rule 2179, set out in *County Construction Co. v. Livengood Construction Co.*, supra, this is sufficient to make venue proper in Montgomery County.

The order of the Court of Common Pleas of Montgomery County is affirmed.