## Keystone Personnel, Inc. v.
## Bright Stores, Inc.

*Harold G. Nabhan,* of *Nabhan & Nabhan,* for plaintiff.

*William H. Bayer,* for defendant.

WIEAND, *J.,* December 17, 1974—This action of assumpsit was brought by plaintiff, Keystone Personnel, Inc., trading as Kogen Personnel, to recover from defendant, Bright Stores, Inc., an employment placement fee. Defendant has filed preliminary objections in the nature of a demurrer and has challenged plaintiff's right to bring the action in Lehigh County. Those preliminary objections are now before the court for disposition.

A review of the complaint quickly persuades this court that a cause of action has been stated. An agreement to pay a placement fee to plaintiff if it procured a merchandise manager trainee acceptable to defendant clearly appears. The complaint further avers that such a person was procured by plaintiff and hired by defendant. Defendant's preliminary objection in the nature of a demurrer, therefore, must be dismissed.

The venue issue is less obvious. Pa. R.C.P. 2179(a) provides that a personal action against a corporation may be brought in and only in "(1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose."

In the instant case, neither party has submitted depositions or other evidence on this issue. For purposes of deciding the propriety of venue, therefore, we accept as true the averments of the complaint. It is there alleged that defendant is engaged in the business of operating a retail store in Lansford, Carbon County. There is no suggestion that defendant regularly conducts business elsewhere. Plaintiff has offices in Allentown, Lehigh County. Acting by and through its agent, plaintiff solicited business from an officer of defendant corporation via telephone. Defendant's officer was then in Carbon County. He promised, it is alleged, that if plaintiff procured for defendant an applicant for the position of merchandise manager trainee, whom defendant hired, defendant would pay a fee to plaintiff. An applicant was subsequently procured by plaintiff, and he appeared at defendant's store in Carbon County. After several interviews between defendant's representatives and the prospective employe, all of them at defendant's place of business, the applicant was employed by defendant and commenced working at defendant's store in Lansford. A bill was thereupon sent to defendant for plaintiff's services in procuring the employe, but defendant, it is averred, has refused to pay the same.

Plaintiff's alleged cause of action arose when defendant hired the prospect supplied by plaintiff and refused to pay the placement fee charged by plaintiff. This occurred in Carbon County. Therefore, whether venue can properly be laid in Lehigh County must depend, as both parties agree, on whether there took place in Lehigh County a transaction or occurrence from which plaintiff's cause of action arose.

In Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, the court held that the language "transaction or occurrence . . . out of which the cause of action arose" did not permit venue to be based on "part of a transaction." Thus, where an action was based on a contract, the several steps taken in the formation of the contract were held to be insufficient to constitute a "transaction or occurrence" upon which venue could be based. It is the making of the contract, said the court, which is the "transaction" contemplated by the venue rule. The place of making the contract is not where the offer is made but where it is accepted.

It would seem that the contract between the parties in the instant case was intended to be unilateral in nature. In that event, defendant did not become liable to pay an employment placement fee unless plaintiff procured and sent to defendant an applicant whom defendant found satisfactory and who was thereupon employed by defendant. See: Restatement, Contracts, §12. These last events occurred in Carbon County. If, on the other hand, the contract should be found to be bilateral in nature, then it is clear that the contract was perfected when defendant promised to pay for the services which plaintiff agreed to perform. This promise was made in Carbon County. See: Linn v. Employers Rein-

surance Corporation, 392 Pa. 58. Whether the contract was bilateral or unilateral, therefore, its situs was in Carbon County.

Plaintiff argues that the purpose of Pa. R.C.P. 2179(a) is "'to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses.'" This, however, is only part of the rationale for the rule. It was also intended "'to assure that the county selected [by plaintiff] had a substantial relationship to the controversy between the parties and was thereby a proper forum to adjudicate the dispute'": Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc., 433 Pa. 291, 295; County Construction Co. v. Livengood Construction Corp., 393 Pa. 39, 44.

In this case, Lehigh County's contact with the transaction is limited to the fact that plaintiff's office is located here and its telephone solicitation of defendant originated here. It also appears that the prospect's initial contact with plaintiff was in Lehigh County. The formation of the contract between plaintiff and defendant, however, took place in Carbon County. It was there that performance took place and where defendant's obligation to pay a placement fee arose. This court concludes, therefore, that Lehigh County's relationship to the controversy is insufficient and that Carbon County is the proper forum in which to litigate the cause of action which plaintiff has alleged. The action will be transferred to Carbon County.

## ORDER

Now, December 17, 1974, it is ordered that defendant's preliminary objection in the nature of a

demurrer be and the same is hereby dismissed. The preliminary objection to venue, however, is sustained, and the above captioned action is directed to be transferred to the Court of Common Pleas of Carbon County for further proceedings.