## Pelesky v. Larsen

*John J. Barbera*, of *Barbera & Barbera*, for plaintiff.

*Frank A. Orban, Jr.*, for defendant.

SHAULIS, *J.*, April 7, 1975—This matter is before the court on preliminary objections filed by defendant raising the issue of venue in this court and for more specific pleading.

Plaintiff is an individual residing in Somerset County, Pa., and defendant is a resident of Pittsburgh, Allegheny County, Pa., and service was had in Allegheny County by deputized service.

The complaint alleges that the parties entered into an oral contract on a time and material basis for the construction of a cottage upon an existing foundation on premises owned by defendant in Jefferson Township, Somerset County, Pa., and that plaintiff proceeded to furnish the material and labor in accordance with the contract and did complete performance on or about March 30, 1972, but that defendant has failed and refused to pay the balance due under the terms of the contract. The complaint does not state where this contract was entered into and defendant alleges in his preliminary objections that the contract was entered into in Uniontown, Fayette County, Pa., on August 28, 1971, and asks this court to transfer the case to the Court of Common Pleas of Fayette County, which we cannot do.

We know of no rule of law that would permit a defendant to add missing facts to a complaint by way of preliminary objections.

A thorough examination of the complaint will promptly reveal that even had plaintiff pleaded that the contract was entered into in Fayette County, there would still be venue in Somerset County. This

question is controlled by Pa. R.C.P. 1006(a), which reads as follows:

"Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law."

The key words in this rule as it applies to this case are, "where a transaction or occurrence took place out of which the cause of action arose." The same language is found in Rule 2179(a)(4) which applies to corporation defendants. For a definition of transaction or occurrence, see Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 149 A. 2d 35 (1959).

In Hamilton et al. v. Sidney Elkman, Inc., 47 Del. Co. 170 (1959), plaintiff filed a complaint in assumpsit in Delaware County for the unpaid balance arising out of a landscaping contract for work performed at the Springfield Shopping Center in Delaware County, Pa. Service was had on defendant in Philadelphia County by deputized service. Defendant filed preliminary objections raising the question of whether venue was proper in Delaware County and the court said:

"The specific issue to be resolved in the instant case is whether the performance in Delaware County of a landscaping contract is such a 'transaction or occurrence' as will place venue in Delaware County. We conclude that it is in that total performance of the landscaping contract was in Delaware County."

We must conclude that since the total performance of the building contract in this case was in

Somerset County, the peformance was such a "transaction or occurrence" as will place venue in Somerset County. See County Construction Company v. Livengood Construction Corporation, 393 Pa. 39, 142 A. 2d 9 (1958); Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc., 433 Pa. 291, 249 A. 2d 299; Union Tank Car Co. v. Lehigh Foundations, Inc., 80 York 167 (1966).

Defendant's motion for more specific pleading alleges that plaintiff does not state where the contract was entered into. We have covered this point above and will not dwell on it further, except to say that it would appear to be immaterial since it does not affect venue.

Defendant's objection that the complaint fails to specify what the 143 hours of machine time are for has merit, even though exhibit A to plaintiff's complaint sets forth what the machine time includes, because nowhere in the complaint do we find any allegations as to an hourly rate that was to be charged for machine work.

Defendant also objects that plaintiff's claim for 2,277 hours of labor at $3.75 per hour fails to specify what it was for. With this, we cannot agree, since exhibit A attached to the complaint does set forth in detail, on one and one-half pages of legal-size paper, items showing labor, but the difficulty with the hours of labor is in their relationship to the base bid price.

We also find merit in defendant's last two objections. Plaintiff alleges a time and material contract in which he sets forth that defendant agreed to pay $3.75 per hour for labor and the usual prices for materials, and he lists time and materials but then injects into the total amount of the contract an item in the amount of $5,870 which is referred to in

exhibit A attached to the complaint as "Base Bid Price." No other reference to this figure is set forth in the complaint which leaves one to surmise that there may have been a flat contract for certain work in this amount and that the time and material contract was to start where it left off, but that would be pure conjecture from a reading of this complaint, and we believe defendant is entitled to a more specific complaint.

### ORDER

Now, April 7, 1975, the preliminary objections filed by defendant to the venue and the objection that the complaint does not state where the contract was entered into are dismissed. All other preliminary objections are sustained and plaintiff is allowed 20 days to file a more specific complaint consistent with this opinion.