## Oxford Container Co. v. C R Containers E-T-C Limited

*Kenneth Lee Rotz,* for plaintiff.
*George W. Lamproplos,* for defendant.

SPICER, *P.J.*, November 4, 1982—Defendant, a Pennsylvania business corporation with its principal place of business at Route 286, East Saltsburg, Pa., has filed preliminary objections which challenge venue. Plaintiff, also a Pennsylvania business corporation, has stated in its complaint that it sold and delivered goods to defendant and that it has not received payment. Invoices, carrying plaintiff's name and address at the top, are attached to the complaint. The terms of the invoices were "1% 10/net 30."

Defendant points out that the complaint is silent about the place and performance of the contract. Since neither party requested an evidentiary hearing, we must look to all well pleaded facts in the complaint with reasonable inferences deducible therefrom.

It would appear from the invoices that delivery was made at defendant's place of business in East Saltsburg. Although the purchase price of goods is due at the time of delivery unless the parties agree otherwise, 13 Pa.C.S.A. §2310, the invoices indicate that payment was not due until later. Those same invoices indicate that payment would be due at plaintiff's place of business, which is in Adams County.

This action is controlled by Pennsylvania Rule of

Civil Procedure 2179. Defendant can be sued in this county if the cause of action arose here or a transaction or occurrence took place here out of which the cause of action arose.

The question is whether venue lies in this county because defendant failed to make a payment here.

The answer is yes.

Cases have made it clear that failure to do something in a county qualifies as an occurrence. In Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc., 433 Pa. 291, 249 A. 2d 299 (1969), a Dauphin County corporation agreed to buy its gas requirements from a Montgomery County corporation. Defendant purchased gas elsewhere. The Supreme Court held that venue properly lay in Montgomery County because defendant failed to place its orders for gas with plaintiff in Montgomery County.

A case involving the precise issue involved in this case is Food Industries Research & Engineering, Inc. v. Kansas Beef Industries, Inc., 21 Cumberland 34 (1971). The eminent jurist, Judge Shughart, pointed out the philosophy behind Rule 2179 by saying:

In speaking of this provision, Mr. Justice Cohen said in County Construction Company v. Livengood Construction Corporation 393 Pa. 39, 43:

This new and broad venue provision was drafted from the Illinois Code of Civil Practice by the Procedural Rules Committee and was first adopted in Pennsylvania in 1939 in the rules governing actions brought against partnerships. See Pa.R.C.P. 2130. Its purpose was to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses and to assure that the county selected had a substantial relationship to the controversy between the parties and was

thereby a proper forum to adjudicate the dispute.

Judge Shughart held that Cumberland County was a proper place to litigate the dispute between the parties in that case. We likewise hold in this case.

## ORDER

And now, November 4, 1982, defendant's preliminary objections are overruled and it is given 20 days from notice of this order in which to file an answer.