J-S17016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHANIE BROWN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AUBORN TRANSPORTATION | : | No. 3505 EDA 2017 |
| CORPORATION | : | |

Appeal from the Order September 22, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 17-02-00226

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                           **FILED MAY 08, 2019**

Appellant, Stephanie Brown, appeals from the order entered on September 22, 2017, sustaining preliminary objections to venue filed by Auborn Transportation Corporation (Auborn) and dismissing Appellant's complaint without prejudice.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellant] filed an amended complaint [in Philadelphia County] alleging that she was injured in a motor vehicle accident between herself and [a driver working for Auborn, which occurred on Route 141 in Elmsworth, Delaware in April of 2015].  [Auborn] filed preliminary objections to the amended complaint alleging that venue was improper in Philadelphia County, as it does not regularly conduct business in Philadelphia.  [Appellant] filed a response in opposition, arguing that [Auborn] conducts business in Philadelphia because [Auborn] is a trucking company and regularly utilizes Philadelphia County as a final destination and/or utilizes roadways within Philadelphia on its way to its final

destination. [The trial] court sustained [Auborn's] objections and dismissed [Appellant's] complaint without prejudice to be refiled in a proper jurisdiction.

[The trial] court granted [Appellant's] timely motion for reconsideration, vacated its order, and scheduled a [] hearing for September 19, 2017. Following [the] hearing, [the trial] court issued its September 21, 2017 order, again, sustaining [Auborn's] preliminary objections to venue. [Appellant] filed a motion for reconsideration of the September 21, 2017 order, which was denied. [Appellant] timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. [The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on October 9, 2018.]

Trial Court Opinion, 10/9/2018, at 1-2 (superfluous capitalization and record citations omitted).

On appeal, Appellant presents the following issue for our review:

Did the lower court err and/or abuse its discretion when it [sustained] [Auborn's] preliminary objections as to improper venue and dismissed [Appellant's] complaint without prejudice?

Appellant's Brief at 4 (superfluous capitalization omitted).

Appellant contends that the trial court erred by dismissing her complaint without prejudice because the record did not adequately support that decision. More specifically, she argues that her choice of forum was to be given great weight and Auborn failed to meet its burden of asserting that venue was vexatious or harassing to it. *Id.* at 17-18. Appellant maintains that she served Auborn with specific discovery requests and scheduled depositions, but that Auborn failed to comply. *Id.* at 15-16. As such, Appellant asserts that "dismissing [her] complaint without giving [Appellant] the opportunity to conduct discovery and without [Auborn] having offered any evidence that [it]

does not conduct business in Philadelphia is extraordinarily prejudicial to [Appellant] and improper[].” *Id.* at 19.

We are guided by the following standards:

The scope of review in determining whether a trial court erred in sustaining preliminary objections and dismissing a complaint is plenary.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012) (citation omitted).

Pennsylvania Rule of Civil Procedure 2179 prescribes venue for personal actions against corporations. *See* Pa.R.C.P. 1006(b) (“[a]ctions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: . . . corporations and similar entities, Rule 2179”). As is relevant to the current appeal, Rule 2179(a)(2) declares: “a personal action against a corporation or

similar entity may be brought in and only in . . . a county where it regularly conducts business." Pa.R.C.P. 2179(a)(2).[1]

Our Supreme Court has held that the determination of whether a corporation "regularly conducts business" in a particular county depends upon the "quality" and "quantity" of the business conducted within the county. Thus, for a corporation to "regularly conduct business" in a county:

> the business engaged in must be sufficient in quantity and quality. The term "quality of acts" means those directly furthering, or essential to, corporate objects; they do not include incidental acts. By "quantity of acts" is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough.

**Monaco v. Montgomery Cab Co.**, 208 A.2d 252, 256 (Pa. 1965) (corrections and some quotations omitted), *quoting* **Shambe v. Delaware & H.R. Co.**, 135 A. 755, 757 (Pa. 1927).

In essence, the venue criteria found at Rule 2179(a)(2) "provide[] a theory of transient jurisdiction by counties in which the corporation is present by virtue of its business activities or contacts. In this circumstance, and provided that the business contacts are more than incidental, a corporation can be compelled to defend itself." **Purcell v. Bryn Mawr Hosp.**, 579 A.2d 1282, 1284 (Pa. 1990). The rationale and purpose of the rule is to "permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses" while, at the same time, assuring that "the

---

[1] Rule 2179 lists other circumstances in which a plaintiff may properly bring a personal action against a corporation in a certain county. **See** Pa.R.C.P. 2179. However, none of the other provisions are applicable herein.

corporation which has been sued ha[s] sufficient connection to the county."

***Burdett Oxygen Co. v. I.R. Wolfe & Sons, Inc.***, 249 A.2d 299, 302 (Pa.

1969) (quotations and citations omitted); ***Purcell***, 579 A.2d at 1286.

In this case, the trial court determined:

On September 19, 2017, this court held a rule returnable hearing to show cause why [Auborn's] [p]reliminary [o]bjections should not be granted as to the issue of venue. An order was issued notifying both parties that affidavits, depositions, and/or discovery, relevant to the question of venue would be accepted by the [trial c]ourt.[2] [Appellant] did not provide admissible evidence, deposition testimony, nor any affidavits to show cause why venue was proper in Philadelphia. [Appellant] alleged that [she] did not have any evidence because [Auborn] failed to respond to [her] discovery requests specific to venue. [Appellant] had ample time to conduct an investigation into [Auborn's] contacts with Philadelphia and file a motion to compel if necessary.

Trial Court Opinion, 10/9/2018, at 3.

Upon review, we agree that the trial court gave Appellant sufficient time

to conduct discovery in this matter and Appellant did not follow the proper

procedure to compel Auborn to comply with her discovery requests. Appellant

filed her complaint in February of 2017 and did not complete discovery by

June of 2017, when the trial court initially sustained Auborn's original

preliminary objections. Thereafter, the trial court granted Appellant

---

[2] The trial court entered an order on July 6, 2017 granting Appellant reconsideration of its prior order sustaining Auborn's preliminary objections. The trial court scheduled a rule returnable hearing for August 8, 2017. The order specified that the trial court "will accept [a]ffidavits or deposition evidence and upon application, for cause shown, testimony relevant to the question of venue." Trial Court Order, 7/6/2017, at *1. The rule returnable hearing for August 8, 2017 was later rescheduled, upon Appellant's request, for September 19, 2017.

reconsideration and gave Appellant additional time to complete discovery. Appellant, however, did not avail herself of the opportunity. She even requested a continuance of the rule returnable hearing and still did not procure discovery. Appellant should have asked the trial court to enter an order directing Auborn to produce any requested discovery items and/or a request for additional sanctions pursuant to Pa.R.C.P. 4019. Instead, Appellant appeared for the rule returnable hearing without any evidence to support her claim that Philadelphia was a proper venue. Appellant does not challenge the trial court's determination that procedural avenues were available to her and that she did not avail herself of them. As such, aside from her bald allegation in her complaint, there is no evidence to suggest that Philadelphia is a proper venue.

Next, Appellant argues that the trial court erred by allowing Auborn to submit a revenue report, as a business record exception to hearsay, in support of its preliminary objections to venue. *Id.* at 20-23. She claims that Auborn "failed to disclose when this revenue report was created, the method used to create it, the sources of information used to create it, and other relevant information." *Id.* at 23.

It is well established that:

In reviewing evidentiary decisions, [our Supreme] Court has repeatedly emphasized that the admissibility of evidence is within the sound discretion of the trial court, which appellate courts will not disturb absent an abuse of discretion or error of law. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but instead requires

- 6 -

demonstration that the lower court's decision was a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support from the evidence or the record so as to be clearly erroneous.

\* \* \*

Our rules of evidence mandate that a witness may testify to a matter only if the witness has personal knowledge of the matter. Pa.R.E. 602. Moreover, Pennsylvania's rule against hearsay provides that a statement, which includes a written assertion, is excludable if the person who made the statement does not make it while testifying at the current trial and if the evidence is offered to prove the truth of the matter asserted in the statement. Pa.R.E. 801, 802.

\* \* \*

Nevertheless, evidence may be admissible, despite its hearsay attributes, if it falls within an exception established by [our Supreme] Court's rules or by statute. Pa.R.E. 802. [...] [The Supreme] Court has observed that exceptions to the rule against hearsay have developed to allow the admission of specified types of evidence based upon (1) the necessity for such evidence, and (2) the circumstantial probability of its trustworthiness.

In regard to the business records exception, the circumstantial trustworthiness arises from the regularity with which business records are kept and the reliance that businesses place on the accuracy of those records.

**Bayview Loan Servicing LLC v. Wicker**, 2019 WL 1388516, at \*6–7 (Pa.

2019) (internal case citations and quotations omitted). When proffered, the

"opponent" of the business record must "show that the source of information

or other circumstances indicate a lack of trustworthiness." Pa.R.E. 803(6)(E).

On this issue, the trial court determined:

[...Appellant] failed to meet the burden of proof [to show lack of trustworthiness in the revenue report introduced by Auborn]. The revenue report had markings which indicated the report was

printed from [its] [c]ompany website by Sherrie Goorahoo, the corporate designee. It is the regular practice of [Auborn] to generate such reports. Thus, the report is the type of record encompassed by the Rule. Based on evidence presented, [Auborn] met its burden of showing that [its] contacts with Philadelphia did not meet the quality and quantity of contacts necessary to render venue properly.

Trial Court Opinion, 10/9/2018, at 4-5.

Upon review, we discern no abuse of discretion in admitting the revenue report into evidence. Notably, Appellant does not challenge the trial court's determination that the revenue report was a regularly kept record Auborn relied upon for its accuracy. Moreover, aside from merely stating that the report failed to disclose when and how it was created, Appellant failed to show that the source of the information or other circumstances indicate a lack of trustworthiness pursuant to Pa.R.E. 803(6)(E). As such, we discern no abuse of discretion in allowing Auborn to use its revenue report to refute venue in Philadelphia. Accordingly, for all of the foregoing reasons, we discern no abuse of discretion or error of law in sustaining Auborn's preliminary objections to venue and dismissing Appellant's complaint without prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19

- 8 -